UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>CHAYA COOPER,<br><br>Defendant. | )<br>)<br>)<br>)<br>)  Cause No. 1:11-cr-<br>)<br>)  **1 : 1 1 -cr- 0 0 8 9 JMS -KPF**<br>)<br>)<br>)<br>)<br>) |

## PLEA AGREEMENT

The United States of America, by counsel, Josh J. Minkler, Attorney for the United States, Acting Under Authority Conferred by 28 U.S.C. § 515, for the Southern District of Indiana, and by Winfield D. Ong and Joe H. Vaughn, Assistant United States Attorneys, and Matthew Klecka, Trial Attorney, Department of Justice, the Defendant, Chaya Cooper, in person and by counsel, Richard Kammen and Dorothy Ann Hertzel, hereby inform the court that a plea agreement has been reached in this cause pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) and the following are its terms and conditions:

### I. GENERAL PROVISIONS

**A.   Charges and Rules of Sentencing**

1.   Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Chaya Cooper agrees to plead guilty to the Information. The Information charges that, from approximately November 2005 through July 2006, Chaya Cooper engaged in a conspiracy to defraud by obtaining consumer goods from the manufacturer by representing that the products would be distributed in a manner other than how they would actually be distributed, all in violation of 18 U.S.C. § 371 (conspiracy to commit wire fraud).

A violation of 18 U.S.C. § 371 (conspiracy to commit wire fraud) is punishable by a prison term of not more than 5 years, a fine of not more than $250,000, and a term of supervised release of not more than 3 years. The elements of the offense are that: (1) the conspiracy as charged in the Information existed, (2) Cooper knowingly became a member of the conspiracy with an intention to further the conspiracy; and (3) an overt act was committed by at least one of the conspirators in furtherance of the conspiracy.

2. Chaya Cooper agrees and understands that, should this Court accept this Plea Agreement, the Court will sentence her within the following stipulation of the parties, described more fully in Paragraph 11 of this Plea Agreement:

A sentence at Offense Level 9, Guideline range of 4-10 months.

3. Cooper agrees and understands that the Court, in deciding whether to accept or reject the sentencing terms set forth in Paragraph 11 of this Plea Agreement, will consider the factors set forth in 18 U.S.C. § 3553(a) and will consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G."). Cooper agrees and understands that the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature. Cooper agrees and understands that the final determination of the sentence, including the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court.

4. Chaya Cooper acknowledges that this plea agreement is governed by Fed.R.Crim.P. 11(c)(1)(C) and that the parties have agreed to the sentencing terms set forth in Paragraph 11 of this Plea Agreement is the appropriate disposition of this cause. The parties understand that the Court must accept or reject the sentence specified in this Plea Agreement. If the Court decides to impose a sentence higher than the recommendation of the parties then Cooper will be permitted to withdraw her plea of guilty for that reason.

5. The government agrees that, upon Cooper being sentenced pursuant to the terms of this Plea Agreement, it will dismiss the Superseding Indictment, Cause No. 1:08-cr-165-JMS-KPF.

## II. SENTENCING AGREEMENT

**B. Acceptance of Responsibility**

6. Cooper further understands and acknowledges that she (a) shall truthfully and completely disclose all information with respect to the activities of herself and others concerning all matters about which the United States inquires of her, which information can be used for any purpose; (b) shall cooperate fully with the United States and any other law enforcement agency designated by the United States; (c) shall attend all meetings at which the United States requests her presence; (d) shall provide to the United States, upon request, any document, record, or other tangible evidence relating to matters about which the United States or any designated law enforcement agency inquires of her; (e) shall truthfully testify before the grand jury and at any trial and other court proceeding with respect to any matters about which the United States may request her testimony; (f) shall bring to the attention of the United States all crimes which she has committed, and all administrative, civil, or criminal proceedings, investigations, or prosecutions in which she has been or is a subject, target, party, or witness; and, (g) shall commit no further crimes whatsoever. Moreover, any assistance Cooper may provide to federal criminal investigators shall be pursuant to the specific instructions and control of the United States and designated investigators. In carrying out her obligations under this paragraph, Cooper shall neither minimize her own involvement nor fabricate, minimize or exaggerate the involvement of others.

7. The United States reserves the right to evaluate the nature and extent of Cooper's cooperation and to make Cooper's cooperation, or lack thereof, known to the Court at the time of sentencing. If, in the sole and unreviewable judgment of the United States, Cooper's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as

3

to warrant the Court's downward departure from the sentence required by the Sentencing Guidelines, the United States may, at or before sentencing, make a motion pursuant to Title 18, United States Code, Section 3553(e), Section 5K1.1 of the Sentencing Guidelines, or subsequent to sentencing by motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure, reflecting that Cooper has provided substantial assistance and recommending a sentence reduction, as more specifically described in paragraph 13 (d) below. Cooper acknowledges and agrees, however, that nothing in this Agreement may be construed to require the United States to file such a motion and that the United States' assessment of the nature, value, truthfulness, completeness, and accuracy of Cooper's cooperation shall be binding on Cooper.

8. Provided that Cooper commits no new criminal offenses and provided she continues to demonstrate an affirmative recognition and affirmative acceptance of personal responsibility for her criminal conduct, the United States agrees that it will recommend at sentencing that Cooper receive a three-level reduction for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon Cooper's recognition and affirmative and timely acceptance of personal responsibility. The United States, however, will not be required to make this sentencing recommendation if Cooper: (1) fails or refuses to timely enter her guilty plea and to make a full, accurate and complete disclosure to the United States and the Probation Department of the circumstances surrounding the relevant offense conduct and her present financial condition; (2) is found to have misrepresented facts to the United States prior to entering this Agreement; or (3) commits any misconduct after entering into this Agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

*Restitution*

9. Cooper acknowledges that because the offenses of conviction occurred after April 24, 1996, restitution is mandatory without regard to her ability to pay and that the Court must

order Cooper to pay restitution for the full loss caused by her criminal conduct pursuant to Title 18, United States Code, Section 3663A, provided, however, that the United States agrees that the value of any property returned to victims through the forfeiture and remission process shall be credited against any order of restitution due to victims. The amount of restitution is:

> To Corporate Victim: $500,000.

The parties agree that restitution shall be paid by the time of sentencing.

*Fine*

10. Whether to impose a fine and the amount of any fine is in the discretion of the Court.

**D.   Sentencing Stipulations**

11. Cooper understands that any recommendation that the United States makes to the Court as to sentencing, whether pursuant to this Agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made, and that such determination will be made by the Court.

> a. The Information charges violations of 18 U.S.C. § § 371 and 1343. U.S.S.G. § 2B1.1(a)(2) applies to these offenses and establishes a base offense level of 6.
>
> b. The total loss for guideline purposes is $500,000, increasing the base offense level by 14 levels. U.S.S.G. § 2B1.1(b)(1)(H).
>
> c. U.S.S.G. § 3B1.2(a) (Mitigating Role) should apply to decrease the offense level by 4 levels because Cooper was a Minimal Participant within the purview of U.S.S.G. § 3B1.2(a), Application Note 3.

21-26

    d.    In the event Cooper fulfills all her obligation to truthfully and completely disclose all information with respect to the activities of herself and others as more fully set forth in paragraph 3 above, the government will recommend a further reduction of her sentence of four (4) levels

    e.    U.S.S.G. § 3E1.1(a) (Acceptance of Responsibility) should apply to reduce the adjusted offense level <u>provided that</u> Cooper clearly demonstrates acceptance of responsibility for these offenses during the period up to and including the sentencing hearing as set forth in paragraph 6 above, thereby resulting in a three (3) level decrease in the offense level.

12.    The final adjusted offense level is 9, 4-10 months. At the time of sentencing, on the condition that Cooper maintains her obligations of acceptance of responsibility and cooperation under this plea, the government will recommend a term of probation as an appropriate sentence.

**E. Appeal Waiver**

13.    Cooper is aware that she has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this, and in exchange for the undertakings made by the United States in this Agreement, in the event the Court accepts this plea agreement and sentencing Cooper within the sentencing range stipulated by the parties, Cooper hereby waives all rights conferred by statute to appeal her conviction on any ground. Cooper also waives her right to appeal her conviction and sentence in any collateral attack, including an action brought under 28 U.S.C. § 2255, as long as the sentence is within, or lower than, the offense level stipulated in this agreement of a level 9. Cooper further understands that nothing in this Agreement shall affect the right of the United States and/or its duty to appeal as set forth in Title 18, United States Code, Section 3742(b). If the

United States appeals Cooper's sentence pursuant to Section 3742(b), however, Cooper shall be released from this waiver of appellate rights. By executing this Agreement, Cooper acknowledges that she has discussed the appeal waiver set forth in this Agreement with her attorney. Cooper further agrees, together with the United States, to request that the district Court enter a specific finding that Cooper's waiver of her right to appeal the sentence to be imposed in this case was knowing and voluntary.

14. Cooper acknowledges that she has accepted this Agreement and decided to plead guilty because she is in fact guilty. By entering this plea of guilty, the defendant waives any and all right to withdraw her plea or to attack her conviction, either on direct appeal or collaterally, on the ground that the Government has failed to produce any discovery material, *Jencks* Act material, exculpatory material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), other than information establishing the factual innocence of the defendant, and impeachment material pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), that has not already been produced as of the date of the signing of this Agreement.

**F. Breach**

15. The parties to this agreement recognize that a breach of the agreement by Chaya Cooper, such as the failure to provide full, complete, and truthful information and testimony or the commission of another criminal offense, may result in the agreement being withdrawn at the sole election of the government and that the obligations of the government in this Plea Agreement would become null and void. If the obligations of the government become null and void due to lack of truthfulness on the part of Cooper, it is expressly agreed that:

A. Cooper will not be permitted to withdraw her plea of guilty to the offenses described above;

B. The government may argue for a maximum sentence for the offenses to which Cooper has pleaded guilty; and

C. The government may use any and all information and testimony provided by Cooper in the prosecution of her on all charges without regard to any restrictions set forth in this agreement.

## FINAL PROVISION

16. Chaya Cooper acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce her to plead guilty. This document is the complete and only Plea Agreement between the defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties

to this agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

JOSH J. MINKLER
Attorney for the United States
Acting Under Authority Conferred by 28 U.S.C. § 515

5-6-11
DATE

Winfield D. Ong
Assistant United States Attorney

5-9-11
DATE

Joe H. Vaughn
Chief, Criminal Division
Assistant United States Attorney

5-6-11
DATE

Matthew A. Klecka
Trial Attorney, U.S. Department of Justice

X
DATE

Christina McKee
Chief, Criminal Division
5-9-11

3/16/11
DATE

Chaya Cooper
Defendant

DATE

Dorothy Ann Hertzel
Attorney for Defendant

DATE

Richard Kammen
Attorney for Defendant

9

## STATEMENT OF THE DEFENDANT

I have read the entire Plea Agreement and discussed it with my attorney.

I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

I am fully satisfied with my attorney's representation during all phases of this case.

I am freely and voluntarily pleading guilty in this case.

I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime(s) to which I am entering my plea(s).

My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within 10 days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

Finally, my attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation officer, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two (2) level increase in the offense level.

3/16/11
Date

Chaya Cooper, Defendant

10